IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MACK A. WEST,

    Petitioner,               No. CIV S-09-3147 DAD P

   vs.

KATHLEEN DICKINSON,

    Respondent.         ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with two applications to proceed in forma pauperis.[1]  Petitioner has also filed two motions for a stay and abeyance.

        Examination of petitioner's second in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

/////

/////

---

[1] Petitioner filed a second application to proceed in forma pauperis because he believed there was an error on the certified trust account statement accompanying his first application.  Under these circumstances, the court will deny petitioner's first application as moot.

1

**BACKGROUND**

On November 12, 2009, petitioner commenced this action by filing a petition for writ of habeas corpus. On November 18, 2009, petitioner filed an amended petition. Habeas corpus petitions may be amended as provided in the rules of procedure applicable to civil actions. 28 U.S.C. § 2242. Pursuant to the Federal Rules of Civil Procedure, a party may amend his pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). In the present case, petitioner filed his amended petition before respondent served an answer or other responsive pleading. Accordingly, the case will proceed on petitioner's amended petition.

In his amended petition, petitioner challenges his 2007 Solano County Superior Court judgment of conviction for second-degree murder, second-degree robbery, and assault with a deadly weapon. According to the petition, petitioner entered a no contest plea to the charges. On August 12, 2008, the California Court of Appeal for the First Appellate District affirmed petitioner's conviction on appeal. On November 19, 2008, the California Supreme Court denied review. (Am. Pet. at 2-3.)

In his pending petition, petitioner claims that: (1) the trial court abused its discretion when it refused to order a competency evaluation for him; (2) he received ineffective assistance of counsel because his attorney failed to seek a certificate of probable cause and failed to develop an adequate record for appellate review; (3) he received ineffective assistance of counsel because his attorney failed to negotiate a fair plea bargain on his behalf; (4) his plea bargain lacked an adequate factual basis and is constitutionally flawed; and (5) the underlying errors in his criminal proceedings were structural and require this court's careful evaluation. (Am. Pet. at 5-6I.)

**PETITIONER'S MOTIONS FOR A STAY AND ABEYANCE**

As noted above, petitioner has filed two motions for a stay and abeyance. In his brief motions, petitioner argues that a temporary stay is necessary so that he can exhaust his

unexhausted claims. Petitioner contends that without a stay the statute of limitations will expire on his claims, and he will remain unlawfully confined. According to petitioner, a stay will not prejudice the state nor will it interfere with his current custody status. (Pet'r's Mots. for Stay & Abey. at 1-2.)

## STAY AND ABEYANCE PROCEDURES

The United States Court of Appeals for the Ninth Circuit recently analyzed the two procedures available to habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief. See King v. Ryan, 564 F.3d 1133 (9th Cir. 2009). First, the Ninth Circuit explained "the Kelly procedure," which it had outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Under the three-step Kelly procedure,

> (1) the petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King, 564 F.3d at 1135. A petitioner who elects to proceed under the Kelly procedure will be able to amend his petition with his newly exhausted claims if they are timely. If a petitioner's newly-exhausted claims are untimely, he will only be able to amend his petition to include them if they share a "common core of operative facts" with the claims in his original petition. In this regard, the Kelly procedure, unlike the alternative procedure discussed below, is a riskier one for a habeas petitioner because it does not protect a petitioner's unexhausted claims from expiring during a stay. See King, 564 F.3d at 1140-41. See also Duncan v. Walker, 533 U.S. 167, 172-75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).

As the Ninth Circuit explained in King, the United States Supreme Court has authorized an alternative procedure which it outlined in Rhines v. Weber, 544 U.S. 269, 277 (2005). Under the Rhines procedure, the petitioner need not amend his petition to delete

unexhausted claims.  Instead, the petitioner may proceed on a "mixed petition," and his unexhausted claims remain pending in federal court while he returns to state court to exhaust them.  See King, 564 F.3d at 1140; Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims.").  A petitioner who elects to proceed under the Rhines procedure can, in many instances, avoid an issue with respect to the timeliness of his petition.  See King, 564 F.3d at 1140.  However, the Supreme Court cautioned that a "stay and abeyance [under the Rhines procedure] should be available only in limited circumstances," and "district courts should place reasonable time limits on a petitioner's trip to state court and back."  Rhines, 544 U.S. at 277-78.  The Supreme Court explained that district courts should not grant a stay if the petitioner has engaged in abusive litigation tactics or intentional delay or if the unexhausted claims are plainly meritless.  Id. at 278.  In addition, federal proceedings may not be stayed indefinitely and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims.  Id. at 277-78.

## DISCUSSION

Based on petitioner's citation to the Rhines decision in his motions for a stay and abeyance as well as petitioner's expressed concern about the federal statute of limitations, the court has construed petitioner's motions for a stay and abeyance as motions brought under the Rhines procedure outlined by the United States Supreme Court.

Petitioner's concern regarding the expiration of the federal statute of limitations is well taken.  However, based on the information he has provided to the court in his motions for a stay and abeyance, it is not clear that the granting of such a stay and abeyance is appropriate in this case.  Specifically, petitioner's motions for a stay and abeyance do not provide sufficient facts and information to satisfy the requirements of Rhines.  First, the court is unable to determine from the motions which of petitioner's claims are exhausted and which are unexhausted.  In addition, the court is unable to determine whether petitioner has good cause for

4

not exhausting all of his claims before filing this federal habeas action. The court is also unable to determine whether petitioner's unexhausted claims are potentially meritorious. Finally, the court is unable to determine whether petitioner has been diligent in pursuing his unexhausted claims. See Taylor, 134 F.3d at 987 n. 8 & n. 11 (failure to show diligence in pursuing claims may foreclose the granting of a stay). Accordingly, the court will deny petitioner's motions for stat and abeyance without prejudice to the filing of a renewed motion for a stay and abeyance.

The court will grant petitioner thirty days to file a renewed motion for a stay and abeyance. Any such motion must (1) show good cause for petitioner's failure to exhaust all claims before filing this action, (2) clarify which of petitioner's claims he believes are unexhausted and demonstrate why each of petitioner's unexhausted claims is potentially meritorious, (3) describe the status of any state court proceedings on the unexhausted claims, and (4) demonstrate that petitioner has acted diligently in pursuing those unexhausted claims.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's November 12, 2009 application to proceed in forma pauperis (Doc. No. 2) is denied as moot;

2. Petitioner's November 18, 2009 application to proceed in forma pauperis (Doc. No. 7) is granted;

3. Petitioner's November 12, 2009 and December 8, 2009 motions for a stay and abeyance (Doc. Nos. 3 & 9) are denied without prejudice; and

4. Petitioner is granted thirty days from the date of service of this order in which to file and serve a renewed motion for a stay and abeyance addressing the issues set forth above.

/////
/////
/////
/////

Any renewed motion for a stay and abeyance must bear the case number assigned to this action and must bear the title "Renewed Motion for a Stay and Abeyance."

DATED: February 2, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
west3147.msty