IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MACK A. WEST,

    Petitioner,                    No. CIV S-09-3147 DAD P

    vs.

KATHLEEN DICKINSON,

    Respondent.                  <u>ORDER</u>

                            /

        Petitioner is a state prisoner proceeding pro se and in forma pauperis with an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2007 Solano County Superior Court judgment of conviction. Pending before the court is petitioner's renewed motion for a stay and abeyance.

**PROCEDURAL HISTORY**

        On November 12, 2009, petitioner commenced this action by filing a petition for writ of habeas corpus. On November 18, 2009, petitioner filed an amended petition. He also filed two motions for a stay and abeyance, arguing that a temporary stay was necessary so that he could exhaust his unexhausted claims.

        On February 3, 2010, the court issued an order explaining that, based on the information petitioner provided to the court in his amended petition and motions for a stay and

1

abeyance, it was not clear that a stay and abeyance was appropriate. In an abundance of caution, however, the court granted petitioner thirty days to file a renewed motion for a stay and abeyance. The court informed petitioner that the renewed motion must (1) show good cause for petitioner's failure to exhaust all claims before filing this action, (2) demonstrate why each of petitioner's unexhausted claims is potentially meritorious, (3) describe the status of any state court proceedings on the unexhausted claims, and (4) demonstrate that petitioner has acted diligently in pursuing his unexhausted claims. Petitioner has since filed a renewed motion for a stay and abeyance.

## DISCUSSION

In his renewed motion for a stay and abeyance, petitioner informs the court that on September 21, 2009, he filed a petition for writ of habeas corpus in the California Supreme Court in an effort to exhaust his federal claims. According the California Supreme Court's website, it appears that petitioner's pursuit of habeas corpus relief in state court is now complete. Specifically, on March 24, 2010, the court denied his habeas petition in Case No. S176477 with a citation to In re Clark, (1993) 5 Cal.4th 750.

If this is the case and petitioner is no longer pursuing habeas corpus relief in state court, this court will direct petitioner to file a second amended petition containing all of his exhausted claims in this action. Upon receipt and review of petitioner's second amended petition, the court will deny petitioner's renewed motion for a stay and abeyance as moot, allow the case to proceed on petitioner's second amended petition, and order respondent to file and serve a response to petitioner's second amended petition.

If, on the other hand, petitioner has a petition for writ of habeas corpus still pending in state court, this court will direct petitioner to file a declaration explaining the status of his petition and any pending state habeas corpus proceedings. Upon receipt and review of petitioner's declaration, the court will determine the merits of his renewed motion for a stay and abeyance.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days of the date of service of this order, petitioner shall either:

    (a) file a second amended petition containing all of his exhausted claims;[1]

    or

    (b) file a declaration explaining the status of any pending habeas corpus proceedings in state court; and

2. The Clerk of the Court is directed to send petitioner the court's form for filing a petition for writ of habeas corpus.

DATED: April 1, 2010.

                                                 /s/ Dale A. Drozd
                                                 DALE A. DROZD
                                                 UNITED STATES MAGISTRATE JUDGE

DAD:9
west3147.status

---

[1] If petitioner elects option (a) and files a second amended petition, he is advised that any second amended petition must be filed on the form employed by this court and must state all claims and prayers for relief on the form. It must bear the case number assigned to this action and must bear the title "Second Amended Petition."