IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MACK A WEST, JR.,

    Petitioner,                             No. CIV S-09-3147 FCD DAD P

    vs.

KATHLEEN DICKINSON, Warden,

    Respondent.                        <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding pro se with a second amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's motion for an order to show cause, for a court order allowing discovery, for an evidentiary hearing, and for appointment of counsel.

        The court will deny petitioner's motion in its entirety.  First, on July 26, 2010, the court issued an order to show cause directing respondent to file a response to petitioner's second amended petition.  Respondent complied with that order by filing a motion to dismiss the petition that is now pending before the court.  Accordingly, the issuance of an order to show cause would be inappropriate at this time.

        Second, the parties in a habeas proceeding are not entitled to discovery as a matter of course.  <u>Bracy v. Gramley</u>, 520 U.S. 899, 904 (1997); <u>Bittaker v. Woodford</u>, 331 F.3d 715,

1

728 (9th Cir. 2003). Rather, "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his [or her] discretion and for good cause shown grants leave to do so, but not otherwise." Rule 6(a), Rules Governing § 2254 Cases. A request for discovery "must also include any proposed interrogatories and requests for admission, and must specify any requested documents." Rule 6(b). Here, plaintiff's motion for discovery does not show good cause and is incomplete in that it does not include any proposed discovery requests. Accordingly, the court will not issue a discovery order at this time.

Third, petitioner's request for an evidentiary hearing is premature. Rule 8(a), Rules Governing § 2254 Cases. As noted above, respondent's motion to dismiss petitioner's second amended petition is pending before the court. Petitioner's motion for a stay and abeyance in response to respondent's motion to dismiss is also pending before the court. The appropriate time for petitioner to request an evidentiary hearing in connection with his application for habeas relief is after respondent files an answer and petitioner files a traverse, if any. Accordingly, the court will deny petitioner's motion for an evidentiary hearing at this time without prejudice to its renewal at the appropriate time.

Finally, there currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time. Accordingly, the court will deny petitioner's motion for appointment of counsel.

/////
/////
/////

1       In accordance with the above, IT IS HEREBY ORDERED that petitioner's April
2  6, 2011 motion (Doc. No. 53) is denied.
3  DATED: April 20, 2011.

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

6  DAD:9
   west3147.110+