1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10    MACK A. WEST, JR.,

11              Petitioner,                No.  2:  09-cv-3147 KJM DAD P

12        vs.

13    KATHLEEN DICKINSON, Warden,

14              Respondent.               <u>ORDER</u>

15    _____/

16              Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas

17    corpus pursuant to 28 U.S.C. § 2254.  On November 27, 2006, petitioner pleaded no contest in

18    the Solano County Superior Court to second degree murder and second degree robbery and

19    admitted the use of a deadly weapon in connection with those offenses.  Pursuant to that plea, he

20    was sentenced to sixteen years to life in state prison.  Presently before the court is petitioner's

21    motion for leave to file a third amended federal habeas petition.  For the following reasons,

22    petitioner's motion will be granted.

23                            I.  BACKGROUND

24              On August 12, 2008, the California Court of Appeal for the First Appellate

25    District affirmed petitioner's judgment of conviction on appeal.  On November 19, 2008, the

26    California Supreme Court denied the petition for review filed on behalf of petitioner.

1

1          Petitioner then filed a state habeas petition in the California Court of Appeal for

2    the First Appellate District on August 20, 2009.  That court denied petitioner's state habeas

3    petition on September 3, 2009.  Petitioner then filed a state habeas petition in the California

4    Supreme Court on September 5, 2009.[1]  (See Resp't's Lodged Doc. Ex. D.)  The California

5    Supreme Court denied that state habeas petition on March 24, 2010.  (See id.)

6          On November 1, 2010, petitioner filed another state habeas petition in the

7    California Supreme Court.  On May 18, 2011, the state high court denied that habeas petition

8    stating as follows, "The petition for writ of habeas corpus is denied.  (See In re Robbins (1998)

9    18 Cal.4th 770, 780; In re Clark (1993) 5 Cal.4th 750, 767-769; People v. Duvall (1995) 9

10   Cal.4th 464, 474; In re Swain (1949) 34 Cal.2d 300, 304; In re Miller (1941) 17 Cal.2d 734,

11   735.)"  (Resp't's Lodged Doc. Ex. E.)

12         In November 2009, petitioner filed a petition for writ of habeas corpus pursuant to

13   28 U.S.C. § 2254 in this court.  That original federal habeas petition presented five claims;

14   specifically:  (1) the trial court abused its discretion and violated petitioner's constitutional rights

15   by not ordering a competency evaluation based on both changed circumstances and previously

16   unassessed psychological features involving brain injury and retardation; (2) trial counsel's

17   failure to seek a certificate of probable cause and to develop an adequate record for appellate

18   review deprived petitioner of effective assistance in perfecting his appeal and obtaining judicial

19   review; (3) trial counsel rendered ineffective assistance in negotiating an illusory plea bargain

20   that provided no tangible or meaningful benefit to petitioner in exchange for his no contest plea

21   and in failing to explain this to petitioner prior to his entry of the no contest plea which violated

22   his due process rights; (4) the plea bargain failed to establish an adequate factual basis for

23   petitioner's plea and is statutorily and constitutionally flawed; and (5) the underlying error is

24   ―――――――――――――――

25         [1]  The filing dates for the petitions filed by petitioner have been determined applying the
     prisoner mailbox rule where applicable and determinable.  See Houston v. Lack, 487 U.S. 266,
26   276 (1988).

structural in that the manner in which the trial court induced petitioner to waive his right to jury trial rendered his waiver in that regard involuntary.  (See Dkt. No. 1.)  Approximately one week after filing his original federal habeas petition, petitioner filed his first amended federal habeas petition which raised the same five claims.[2]  (See Dkt. No. 5.)

On July 18, 2010, petitioner filed a second amended federal habeas petition after receiving permission from the court to do so.  In his second amended federal habeas petition, petitioner raised the following claims for relief:

> 1.  Conviction obtained by no contest plea which was unlawfully induced and not made voluntarily with understanding the nature of the charges, plea agreement, and the consequences of the no contest plea, through trial counsel's misrepresentation rendering trial counsel ineffective.
>
> 2.  Trial counsel ineffective assistance by misrepresenting petitioner in his request for withdrawal of the plea.
>
> 3.  Failure of the trial court to record the proceedings constituted a violation of petitioner's due process rights.
>
> 4.  Prosecutorial misconduct by concealing evidence.
>
> 5.  The California Supreme Court abused its discretion by failing to give petitioner his presentence credits.
>
> 6.  Trial court abused its discretion and violated petitioner's constitutional rights by not ordering a competency evaluation based on a change of circumstances and previously unassessed psychological features involving brain injury and retardation.
>
> 7.  Ineffective assistance of counsel in negotiating an illusory plea bargain and failing to explain the plea bargain to petitioner.
>
> 8.  The plea bargain failed to establish an adequate factual basis.

(Dkt. No. 25.)

On August 2, 2011, respondent filed an answer to the second amended federal habeas petition.  Petitioner subsequently requested and received six extensions of time to file a

---

[2] It appears that petitioner's first amended habeas petition is identical to his original habeas petition.  Both are dated November 1, 2009.

traverse.[3]  Finally, on April 2, 2012, instead of filing his traverse, petitioner filed a motion

seeking leave to file a third amended federal habeas petition.  Therein, petitioner requests leave

of court to file a third amended federal habeas petition so that he can add two claims that were

not included in his second amended petition, but were included in his original and first amended

federal habeas petitions filed in November 2009.  More specifically, petitioner seeks to add the

following two claims in his proposed third amended federal habeas petition:

> 1.  Trial counsel's failure to seek a certificate of probable cause and
> to develop an adequate record for appellate review deprived
> petitioner of effective assistance in perfecting his appeal and
> obtaining judicial review; and
>
> 2. Structural error from the manner in which the trial court induced
> defendant to waive his right to jury trial which rendered his waiver
> involuntary.

(Dkt. No. 82 at p. 3; Dkt. No. 83 at p. 34-39, 74-77.)  Petitioner asserts that his motion for leave

to amend is controlled by Federal Rule of Civil Procedure 15(c)[4] in that these two proposed

additional claims relate back to the original federal habeas corpus petition filed with this court in

November of 2009.

Respondent has filed an opposition to the motion for leave to amend after being

ordered to respond to the motion or state her non-opposition.  Respondent's sole argument in

opposition is that the motion to amend should be denied because petitioner's proposed third

amended petition is untimely.  In this regard, respondent asserts that the two proposed new

claims that petitioner seeks to add in a third amended federal habeas petition do not relate back to

---

[3] In his fifth request for an extension of time to file a traverse, petitioner mentioned the
possibility of seeking leave to file a third amended petition.  (See Dkt. No. 78 at p. 2 ("Petitioner
is requesting that he be given thirty days (30) of extended time to prepare and file his traverse
and leave to amend petition.").)

[4] Federal Rule of Civil Procedure 15(c) states in relevant part that "An amendment to a
pleading relates back to the date of the original pleading when . . . the amendment asserts a claim
or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be
set out – in the original pleading."

1  petitioner's original, timely filed petition.

2                           II.  MOTION FOR LEAVE TO AMEND STANDARD

3               Under Federal Rule of Civil Procedure 15(a), a habeas petitioner may amend his

4  pleadings once as a matter of course before a responsive pleading is served and may seek leave of

5  court to amend his pleading at any time during the proceeding.  See Mayle v. Felix, 545 U.S.

6  644, 654 (2005); see also In re Morris, 363 F.3d 891, 893 (9th Cir. 2004) (Rule 15(a) applies to

7  habeas actions with the same force that it applies to other civil cases).  Although leave of court

8  should be given freely, a court may deny a motion to amend if the motion is made in bad faith,

9  there would be prejudice to the opposing party, the amendment would be futile or would delay

10  the action, or if the party acted in a dilatory fashion in seeking leave to amend.  See Foman v.

11  Davis, 371 U.S. 178, 182 (1962); Waldrip v. Hall, 548 F.3d 729, 732 (9th Cir. 2008); Nunes v.

12  Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004) (applying these factors with respect to a motion to

13  amend in a habeas case); Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) (same).  Prejudice

14  to the opposing party is the most important factor in assessing a motion to amend.  See Jackson

15  v. Bank of Haw., 902 F.2d 1385, 1387 (9th Cir. 1990).

16               Bad faith may be shown when a party seeks to amend late in the litigation process

17  with claims which were, or should have been, apparent early.  See Bonin, 59 F.3d at 846.[5]  A

18  motion to amend a pleading is addressed to the sound discretion of the court and must be decided

19  upon the facts and circumstances of each particular case.  See Sackett v. Beaman, 399 F.2d 884,

20  889 (9th Cir. 1968).

21                                III.  DISCUSSION

22               Respondent's sole argument in opposition to petitioner's motion for leave to file a

23  third amended federal habeas petition is that the proposed third amended petition is untimely

24

25          [5]  These facts might also support a finding that the moving party acted in a dilatory
fashion when seeking leave to amend.  Duggins v. Steak 'N Shake, Inc., 195 F.3d 828, 834 (6th

26  Cir. 1999).

because the two claims which petitioner proposes to add by way of amendment do not relate back to the original petition.  "Relation back" would be required in this case because the two claims petitioner raises in his proposed third amended federal petition would otherwise be untimely for the reasons explained below.

Petitioner filed his federal habeas petition after April 24, 1996, therefore, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to the petition.  See Lindh v. Murphy, 521 U.S. 320, 326 (1997).  The AEDPA imposes a one-year statute of limitations on the filing of federal habeas petitions.  More specifically, 28 U.S.C. § 2244(d) states as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Thus, pursuant to 28 U.S.C. § 2244(d)(2), the AEDPA statute of limitations is statutorily tolled during the time a properly filed application for post-conviction relief is pending in state court.

6

1   The statute of limitations is not tolled during the interval between the date on which a decision

2   becomes final and the date on which the petitioner files his first state collateral challenge.  See

3   Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("The period between when direct review

4   becomes final and the filing of a state habeas petition is not tolled[.]").  Once state collateral

5   proceedings are commenced, a state habeas petition is "pending" during one full round of review

6   in the state courts, including the time between a lower court decision and the filing of a new

7   petition in a higher court, as long as the intervals between the petitions are "reasonable."  Evans

8   v. Chavis, 546 U.S. 189, 192-93 (2006) (citing Carey v. Saffold, 536 U.S. 214, 222-23 (2002)).

9          As described above, the California Supreme Court denied the petition for review

10  filed on petitioner's behalf on November 19, 2008.  The ninety-day period during which

11  petitioner could have filed a petition for writ of certiorari in the United States Supreme Court

12  expired on February 17, 2009.  See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999) (stating

13  that when a petitioner fails to seek a writ of certiorari from the United States Supreme Court,

14  AEDPA's one-year limitations period begins to run ninety days thereafter).  Subsequently,

15  petitioner filed a state habeas petition in the California Court of Appeal on August 20, 2009, or

16  six months after the AEDPA's limitations period had began to run.  That petition was denied on

17  September 3, 2009 and the subsequent state habeas petition in the California Supreme Court was

18  denied on March 24, 2010.

19         As petitioner was proceeding with these state habeas petitions, he timely filed his

20  original federal habeas petition on November 1, 2009.  However, the filing of that federal habeas

21  petition does not toll the AEDPA statute of limitations.  See Duncan v. Walker, 533 U.S. 167,

22  180 (2001) (the tolling provision of section 2244(d)(2) applies only to state post-conviction

23  review but not during the pendency of applications for federal review).  Accordingly, when the

24  California Supreme Court denied petitioner's state habeas petition on March 24, 2010, the

25  AEDPA statute of limitations clock (which had already run for six months from February 17,

26  2009 to August 20, 2009), began to run again.  Petitioner filed another state habeas petition in the

1   California Supreme Court on November 1, 2010.  However, by the time petitioner filed that

2   petition, the AEDPA statute of limitations for seeking federal habeas relief had already expired in

3   light of the six month period from February 17, 2009 to August 20, 2009 added to the seven

4   month gap between March 24, 2010 and November 1, 2010.  Accordingly, petitioner's

5   November 1, 2010 state habeas petition filed with the California Supreme Court did not serve to

6   statutorily toll the AEDPA statute of limitations for the seeking of federal habeas relief.[6]  See

7   Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that the filing of a state

8   petition after the federal limitations period has expired has no effect).  Thus, for petitioner's

9   proposed two new claims to be considered timely, they must relate back to his original, timely

10  filed November 1, 2009, federal petition.

11          A petitioner's proposed amendments after the AEDPA statute of limitations has

12  expired will relate back to the date of a timely filed petition only if the new claim arose out of the

13  conduct, transaction, or occurrence set forth or attempted to be set forth in the pleading.  See

14  Mayle, 545 U.S. at 655; FED. R. CIV. P. 15(c).  One of the primary concerns in applying the

15  relation back doctrine under Rule 15(c) is to "ensur[e] that the non-moving party has sufficient

16  notice of the facts and claims giving rise to the proposed amendment."  Anthony v. Cambra, 236

17  ────────────

18          [6] It is also worth noting that the AEDPA tolls the statute of limitations during the period
    in which a "properly filed" application for post-conviction relief is pending.  See 28 U.S.C. §
19  2244(d)(2).  However, a petition cannot be considered "properly filed" for purposes of the
    AEDPA statutory tolling when the state court denies a habeas petition as untimely.  See
20  Trigueros v. Adams, 658 F.3d 983, 988-89 (9th Cir. 2011); Lakey v. Hickman, 633 F.3d 782, 786
    (9th Cir.), cert. denied, Lakey v. Cate, ___ U.S. ___,131 S. Ct. 3039 (2011); Thorson v. Palmer,
21  479 F.3d 643, 645 (9th Cir. 2007) (citing Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005)
    (citing Pace, 544 U.S. at 417)).  In this case, the California Supreme Court denied petitioner's
22  November 1, 2010 habeas petition citing to the decisions in In re Robbins, 18 Cal. 4th 770 (1998)
    and In re Clark, 5 Cal. 4th 750 (1993).  The state court's reliance on Robbins and Clark was a
23  clear ruling that the petition was denied as untimely.  See Miles v. Martel, No. 10-15633,
    ___ F.3d___, ___, 2012 WL 4490756, at *4 (9th Cir. Sept. 28, 2012) ("A summary denial citing
24  [Clark and Robbins] means that the petition is rejected as untimely."); Lakey, 633 F.3d at 786;
    Thorson, 479 F.3d at 645.  Accordingly, the AEDPA statute of limitations was not statutorily
25  tolled by petitioner's filing of his November 1, 2010 habeas petition with the California Supreme
    Court since that petition was not "properly filed," even assuming that the AEDPA statute of
26  limitations period had not already expired.

1   F.3d 568, 576 (9th Cir. 2000).

2         In <u>Mayle</u>, the Supreme Court explained that "[t]he 'original pleading' to which

3   Rule 15 refers is the compliant in an ordinary civil case and the petition in a habeas proceeding."

4   545 U.S. at 655.  The complaint in a civil case need only provide fair notice of the plaintiff's

5   claim and the grounds on which the claim rests, while a habeas petition is required to specify all

6   grounds for relief available to the petitioner and state the facts supporting each ground. <u>See</u> <u>id.</u>

7   Because of this difference between civil complaints and habeas petitions, the relation back of

8   new habeas claims "depends on the existence of a common "core of operative facts' uniting the

9   original and newly asserted claims." <u>Id.</u> at 659.  <u>See also</u> <u>Schneider v. McDaniel</u>, 674 F.3d 1144,

10   1151 (9th Cir. 2012).

11         Petitioner argues that his proposed two new claims relate back to his original

12   November 2009 federal habeas petition.  Petitioner's original federal habeas petition filed with

13   this court in November of 2009 did, in fact, raise these two claims and thus they would clearly

14   seem to relate back to that original petition.  Nevertheless, respondent argues that "relation back"

15   is inappropriate here since petitioner abandoned these two claims by not including them in his

16   second amended federal habeas petition.  Petitioner argues that the second amended federal

17   habeas petition is the applicable petition to examine for purposes of relation back.

18         This court finds respondent's argument in this regard to be unpersuasive.

19   Abandonment has a specific meaning in the law:  "The relinquishing of a right or interest with

20   the intention of never again reclaiming it." <u>Black's Law Dictionary</u> 2 (8th Ed. 2004).  In this

21   case, the court finds that it is not clear that the *pro se* petitioner intended to abandon two of the

22   claims for relief raised in his original and first amended federal habeas petitions when he filed his

23   second amended federal habeas petition with the court.  Cf. <u>Cole v. Allison</u>, Civ. No. 09-2549

24   LKK DAD P, 2011 WL 703665, at *5 (E.D. Cal. Feb. 18, 2011) (finding that it is not clear that a

25   *pro se* petitioner intended to abandon claims in his original petition when he filed an amended

26   petition), <u>report and recommendation adopted by</u>, 2011 WL 1118516 (E.D. Cal. Mar. 28, 2011).

1          The cases respondent relies upon in arguing that it is improper to relate

2   petitioner's two proposed renewed claims to his original November 2009 federal habeas petition,

3   are distinguishable.  For example, respondent cites to <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1155

4   (9th Cir. 2006) in which the Ninth Circuit determined that "a habeas petition filed after the

5   district court dismisses a previous petition without prejudice for failure to exhaust state remedies

6   cannot relate back to the original habeas petition."  Unlike the situation posed in <u>Raspberry</u>,

7   however, petitioner's federal habeas petition has never been dismissed without prejudice.

8   Rather, he has since the time of the original filing maintained an active federal habeas action in

9   this court.  For similar reasons, the other decisions relied upon by respondent are distinguishable

10  with respect to the issue before this court.  <u>See Dils v. Small</u>, 260 F.3d 984, 986 (9th Cir. 2001)

11  ("Dils argues that his third petition relates back to his first petition.  Our decisional law

12  forecloses that contention if the first petition was no longer pending.  Dils argues, however, that

13  his first petition was in fact still pending on April 30, 1998.  But our order disposing of that case

14  had been entered on the docket of the district court by February 12, 1997.  The life of the first

15  federal petition had come to an end.") (internal citation omitted); <u>Green v. White</u>, 223 F.3d 1003,

16  1003 (9th Cir. 2000) ("Green obtained a voluntary dismissal of his earlier habeas petition in

17  order to exhaust his state remedies.  A second habeas petition does not relate back to a first

18  habeas petition when the first habeas petition was dismissed for failure to exhaust state

19  remedies."); <u>Henry v. Lungren</u>, 164 F.3d 1240, 1241 (9th Cir. 1999) ("Because Henry's original

20  habeas action was dismissed in 1995, there was no pending petition to which Henry's new 1997

21  petition could relate back or amend.")

22          Unlike the cases relied upon by respondent, petitioner's original habeas petition

23  was never dismissed (with or without prejudice) and this case has remained active.  Thus, the

24  court finds that petitioner's two proposed renewed claims relate back to his original November

25  2009 federal habeas petition and will be considered timely as "the life" of his original, timely

26  filed federal petition has not come to an end.

1    The timeliness finding does not end the inquiry.  As previously stated, a court may

2 deny a motion to amend if the motion is made in bad faith, there would be prejudice to the

3 opposing party, the amendment would be futile or would delay the action, or if the party acted in

4 a dilatory fashion in seeking leave to amend.  See Foman, 371 U.S. at 182; Nunes, 375 F.3d at

5 808; Bonin, 59 F.3d at 845.  Respondent does not argue in opposing petitioner's motion that she

6 would be prejudiced in anyway by the proposed amendment.  Rather respondent relies solely on

7 the untimeliness argument.  Nonetheless, the court notes that granting the motion to amend

8 would require respondent to file another response to petitioner's third amended petition which

9 presumably does prejudice the respondent.

10    Next, the court must examine the futility of the proposed amendments.  The court

11 does not find at this stage that amending to assert the proposed two renewed claims would be

12 necessarily futile.  Cf. Hill v. Lockhart, 474 U.S. 52, 56-57 ("The longstanding test for

13 determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent

14 choice among the alternative courses of action open to the defendant.") (internal quotation marks

15 and citations omitted).  Finally, the court notes that leave to amend should be freely given when

16 justice so requires.  See Foman, 371 U.S. at 182.

17    Upon considering the requisite factors in deciding a motion for leave to file an

18 amended complaint, along with the long-standing preference for deciding cases on the merits, the

19 court will grant petitioner's motion to amend.

20                              IV.  CONCLUSION

21    Accordingly, IT IS HEREBY ORDERED that:

22    1.  Petitioner's motion for leave to file a third amended petition for writ of habeas

23 corpus (Dkt. No. 82.) is granted;

24    2.  Respondent shall have thirty (30) days to file and serve a response to

25 petitioner's third amended petition for writ of habeas corpus; and

26 /////

1        3.  Petitioner's traverse, if any, shall be filed and served within thirty (30) days of

2   service of the answer to the third amended petition for writ of habeas corpus.  In light of the

3   many extensions of time already granted to petitioner with respect to the preparation of his

4   travers and the fact that only two renewed claims are being added by the amendment, no further

5   extensions of time for the filing of petitioner's traverse will be granted absent extraordinary

6   circumstances.

7   DATED: October 26, 2012.

8

9   _____

10  DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

11

12  DAD:dpw
    west3147.motamend

13

14

15

16

17

18

19

20

21

22

23

24

25

26

12