1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MACK A. WEST, JR.,                      No.  2:09-cv-3147 KJM AC P

12              Petitioner,

13        v.                                 ORDER

14   KATHLEEN DICKINSON,

15              Respondent.

16

17        Petitioner proceeds pro se and in forma pauperis on his third amended petition for writ of

18   habeas corpus filed pursuant to 28 U.S.C. § 2254.  Respondent has filed an answer, and petitioner

19   has not yet filed a traverse.  His motion for an extension of time to file the traverse, and related

20   requests for a stay pending further exhaustion and for discovery, will be addressed by separate

21   order.  Here the court addressed plaintiff's "Ex Parte Emergency Notice and Asking for Help"

22   (ECF No. 107).

23        Petitioner describes a series of incidents at his prison which took place on June 6, 2013,

24   claiming in essence that prison officials used excessive force and injured petitioner.  Petitioner

25   claims that he will be found guilty of disciplinary charges on a "false report."  Petitioner also

26   claims that he is being denied adequate medical treatment, and that his appeals are being screened

27   out for "bogus reasons, making this process ineffective."  Petitioner writes:

28            I am in need of some help and this is a notice so if you do not hear

                                              1

1      from me it is because these officers has further retaliated or I am
  murdered by these officers.

2

3      I have done nothing wrong and have witnesses to prove it but the
  administration retaliates against inmates when we file 602/appeals,
  or witness their wrongdoing, and come forward.

4

5      Please do not dismiss my case if you do not hear from me.

6      The following prison guards retaliation are not limited to: (1)
  retaliatory false reports; (2) retaliatory body search and cell search;
  (3) harassments; (4) excessive use of force or unnecessary use of

7      force; (5) illegal confiscating property personal and legal; (6) false
  imprisonment; (7) murder; (8) retaliatory transfer; (9) spitting in a

8      inmate food; and more. . . .

9    ECF No. 107 at 3.

10     Because plaintiff's requests do not reach the merits of his underlying complaint, they may

11   be resolved by order issued by the magistrate judge.  See 28 U.S.C. § 636(b)(1)(A).  See, e.g.,

12   Reynaga v. Camisa, 971 F.2d 414 (9th Cir. 1992) (magistrate lacked authority to enter stay of

13   action which was, in effect, involuntary dismissal); cf. United States Metals Roofing Co., 771

14   F.2d 796, 801 (3d Cir. 1985) (orders which restrain or direct the conduct of the parties are not to

15   be characterized as an appealable injunction beyond the authority of the magistrate judge unless

16   the restraint goes to the merits of the action).

17     It is not at all clear what relief the petitioner is asking this court to order.  The court's

18   jurisdiction in this action is over the warden in connection with petitioner's habeas petition, and

19   does not extend to the (largely unnamed) officers petitioner appears to identify as tortfeasors.  To

20   the extent that petitioner wishes to allege violations of his civil rights, he must do so in a separate

21   action filed pursuant to 42 U.S.C. § 1983.  Petitioner is specifically advised that his notice does

22   not initiate any such action.

23     Currently petitioner has other available remedies, and he only speculates that their

24   exhaustion may be futile.  As this court reads petitioner's motion, petitioner has suffered no harm

25   or prejudice in his prosecution of this habeas petition.  Nor has petitioner suffered any apparent

26   difficulty in communicating with the court, as he has filed (by the undersigned's count) at least

27   eight pleadings or notices in this action since his transfer to his current prison.

28   ////

1      Accordingly, petitioner's "Ex Parte Emergency Notice and Asking for Help" (ECF No.

2  107) is denied.  All other pending motions will be address by separate order.

3      IT IS SO ORDERED.

4  DATED: June 25, 2013

5                                                    _____

6                                                    UNITED STATES MAGISTRATE JUDGE

7

8  AC:rb/west3147.ord(2)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3