UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACK A. WEST, JR., | No. 2:09-cv-03147 KJM AC |
| Petitioner, | |
| v. | ORDER |
| KATHLEEN DICKINSON, | |
| Respondent. | |

Petitioner, a state prisoner, proceeds pro se and in forma pauperis with a third amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. ECF No. 83. Respondent has answered the petition. ECF No. 89. Three motions are pending. On April 1, 2013, petitioner filed an application for a stay and abeyance, seeking leave to return to state court to exhaust state court remedies on additional claims. ECF No. 101. On May 31, 2013, petitioner filed a motion for leave to conduct discovery. ECF No. 105. On June 21, 2013, petitioner filed a motion for a thirty day extension of time to amend and/or supplement his petition, to exhaust state court remedies, and to file a traverse. ECF No. 106.

Petitioner's third amended petition presents ten grounds for relief:

Ground One: Trial counsel rendered ineffective assistance in regard to petitioner's plea bargain;

Ground Two: The plea bargain failed to establish an adequate factual basis;

1

1   Ground Three:  The trial court violated petitioner's constitutional rights by not ordering a
2   competency evaluation based on changed circumstances;
3   Ground Four:  The waiver of jury trial was structural error;
4   Ground Five:  Trial counsel rendered ineffective assistance at the change of plea hearing;
5   Ground Six:  The trial court's failure to record proceedings violated petitioner's due
6   process rights;
7   Ground Seven:  The prosecutor committed prejudicial misconduct by suppressing material
8   evidence of petitioner's lack of capacity;
9   Ground Eight:  Trial counsel rendered ineffective assistance by misrepresenting
10  petitioner's request to withdraw his no contest plea;
11  Ground Nine:  The trial court failed to award petitioner presentence custody credits;
12  Ground Ten:  Trial counsel rendered ineffective assistance in failing to seek a certificate
13  of probable cause and in failing to develop an adequate record for appellate review.

**Application for Stay and Abeyance**

15  In the first-filed of the instant motions, petitioner requests a stay to permit exhaustion of
16  two claims of ineffective assistance of appellate counsel that were, at the time of the request,
17  pending before the California Supreme Court.  Plaintiff did not specify the legal basis for the
18  requested stay and abeyance.  Rhines v. Weber, 544 U.S. 269, 277 (2005) authorizes the district
19  court to stay for good cause petitions that contain both exhausted and unexhausted claims, in
20  order to permit further exhaustion.  Rhines has no application here, because the third amended
21  petition is not a mixed petition.  A district court may also stay a petition containing only
22  exhausted claims, with the intention that the additional claims will be added by amendment after
23  exhaustion.  Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  The Kelly approach, however, "does
24  nothing to protect a petitioner's unexhausted claims from untimeliness . . ." King v. Ryan, 564
25  F.3d 1133, 1141 (9th Cir. 2009).
26  In his more recently filed motion for an extension of time, petitioner represents that his
27  previously-pending state court claims have been denied as untimely by the California Supreme
28  Court and are now ready to be presented to this court.  ECF No. 106 at 3.  Because the appellate

ineffective assistance claims are now exhausted, the motion for a stay and abeyance pending their exhaustion will be denied as moot.

**Motion for Leave to Conduct Discovery**

Petitioner has filed a motion for leave to conduct discovery under Rule 6 of the Rules Governing Section 2254 Cases. Petitioner asserts that he needs discovery material from his trial counsel, and, in particular, documents from his client file including:

> doctor's reports; his entire jailhouse medical records; all evidence in his case; the D.A. witness list/the plea agreement papers; his file on his case; all his witness (list); his investigator file on his case; all new evidence the investigator obtained; trial counsel contract he made with petitioner father/ conservator; [and] any and everything related to his case [sic].

ECF No. 105-4 at 2. Petitioner states that he previously requested his client file from trial counsel as early as May 2007 and that he has diligently pursued the matter, but that trial counsel is falsely claiming the client file was already delivered to petitioner. Id. at 6-8.

A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course. Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rather, under the Rules Governing Section 2254 Cases:

> (a) Leave of Court Required. A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. [….]
>
> (b) Requesting Discovery. A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

Rule 6, Rules Governing Habeas Corpus Proceedings.

"Good cause" for discovery under Rule 6 exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is… entitled to relief[.]" Bracy, 520 U.S. 899, 908-09 (1997) (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)). A request for discovery under Rule 6 must be supported by specific factual detail. See id.; Rich v. Calderon, 187 F.3d 1064, 1067 (9th Cir. 1999); Murphy v. Johnson, 205 F.3d 809, 814 (5th Cir. 2000) ("[A] petitioner's factual allegations must be specific,

3

1  as opposed to merely speculative or conclusory, to justify discovery under Rule 6.").

2  Petitioner has attached voluminous proposed discovery requests directed to the Solano County Main Jail (Id. at 1-8), to Beth Robbins, Deputy Clerk at the California Court of Appeal (Id. at 9-16), to trial counsel Carl Spieckerman (Id. at 17-31), to Rene A. Chacon (Id. at 32-34), to William Pendergast (Id. at 35-39), to the State Bar of California (Id. at 40-50), and to various California state prisons and facilities (Id. at 50-110). Petitioner asserts that he needs to conduct the proposed discovery "to support his actual innocence claim." ECF No. 105-2 at 1, 8, 9. The operative petition, however, does not include a claim of actual innocence. Moreover, although petitioner describes at length his previous attempts to obtain his client file from his attorney, he fails to provide any specific allegations setting forth how the requested materials would support any of his claims in this habeas proceeding. Petitioner's conclusory allegations fail to show that he could potentially demonstrate that he is entitled to relief if allowed to conduct discovery and further develop the facts. See Bracy, 520 U.S. at 908−09.

Under these circumstances, the motion for leave to conduct discovery will be denied. The denial is without prejudice to a renewed motion for discovery if and when any of petitioner's ineffective assistance of trial counsel claims survive review under 28 U.S.C. § 2254(d). Only in that case could this court consider evidence that was not before the state court when it adjudicated the claims. See Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011); see also id. at 1412 (Breyer, J., concurring) (recognizing that where § 2254(d) is satisfied, evidence produced for the first time in federal court may be considered). Discovery is of no use to petitioner unless this court can consider the evidence discovered. Wood v. Ryan, 693 F.3d 1104, 1122 (9th Cir. 2012) (discovery not available where § 2254(d) bars claim).

**Motion for Extension of Time**

On June 21, 2013, petitioner requested a thirty day extension of time "to amend or supplement his habeas corpus in this court" and "to file another state habeas corpus to finish exhausting two meritorious claims. . . ." ECF No. 106 at 1.[1] He also explains that his failure to

---

[1] Elsewhere in the document petitioner refers to three additional claims that require exhaustion. Id. at 3.

1  timely file a traverse was related to a recent transfer which separated him from his legal materials.
2  Id.

3  To the extent that petitioner seeks leave to amend the petition to add recently-exhausted
4  claims, see id. at 3,[2] the motion is inadequately supported and will be denied on that basis.
5  However, petitioner will be granted thirty days to file a motion for leave to amend, which must be
6  accompanied by the proposed Fourth Amended Complaint.  Petitioner is advised to attach to the
7  complaint documentation demonstrating that the newly-added claims have been exhausted.
8  Petitioner is further advised that his motion for leave to amend must explain why the newly-
9  exhausted claims are not time-barred.

10  The one year statute of limitations for federal habeas, 28 U.S.C. § 2244(d)(1), applies on a
11  claim-by-claim basis.  Mardesich v. Cate, 668 F.3d 1164, 1166 (9th Cir. 2012).  In general,
12  claims must be filed within one year after a conviction becomes final upon conclusion or direct
13  review.  See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  The time during which a
14  "properly filed" application for state court relief is pending does not count against the limitations
15  period.  28 U.S.C. § 2244(d)(2); Artuz v, Bennett, 531 U.S. 4, 8 (2000).  However, an exhaustion
16  petition that is denied by the state court as untimely is not "properly filed" and does not toll the
17  limitations period.  Pace v. DiGuglielmo, 544 U.S. 408 (2005); Bonner v. Carey, 425 F.3d 1145,
18  1149 (9th Cir. 2005), cert. denied, 549 U.S. 856 (2006).  The pendency of a federal petition does
19  not toll the limitations period.  Duncan v. Walker, 533 U.S. 167 (2001).  Amendments to a
20  timely-filed habeas petition are themselves timely only if they "relate back" to the claims of the
21  pending petition.  See Mayle v. Felix, 545 U.S. 644 (2005).  Relation back requires a "common
22  core of operative facts."  King, 564 F.3d at 1141 (citing Mayle, 545 U.S. at 659).  "[A] new claim
23  does not 'relate back' to the filing of an exhausted petition simply because it arises from 'the
24  same trial, conviction, or sentence."  Id. (citing Mayle, 545 U.S. at 662-64).  Claims that are time-
25  barred may not be added by amendment.  King, 564 F.3d at 1141.

---

[2] "In the meantime the two claims that the California Supreme Court have denied as untimely is now ready to be added to petitioner habeas corpus in this court, by means of amendment or supplemental pleading . . ."  Id.

To the extent that petitioner seeks an extension of time to file additional unexhausted claims in state court, petitioner is addressing his request to the wrong court. This court has no authority to permit or withhold permission for petitioner to do anything in state court, or to extend any state court deadlines. If petitioner means that he wishes this court to stay further proceedings on the federal petition until he has exhausted still more new claims, the request will be denied. Petitioner has provided no grounds for a stay. He has not described his additional claims, explained why they were not exhausted earlier, or explained why they would not be time-barred and/or procedurally barred upon exhaustion. Accordingly, there is no basis for this court's exercise of its discretion to stay proceedings pending further exhaustion. See Kelly, 315 F.3d at 1070; King, 564 F.3d at 1141.

**Substitution of Respondent**

Petitioner is currently housed at Salinas Valley State Prison in Soledad, California, in the custody of Warden Randy Grounds. See ECF No. 101 at 2; ECF No. 102 at 1. Accordingly, Randy Grounds should be substituted as the appropriate respondent in this case.

**Conclusion**

In accordance with the above, IT IS HEREBY ORDERED THAT:

1. Petitioner's motion for stay and abeyance (ECF No. 101) is DENIED as moot;
2. Petitioner's motion for leave to conduct discovery (ECF No. 105) is DENIED without prejudice to renewal at a later stage in the proceedings;
3. Petitioner's motion for a thirty day extension of time to amend or supplement his petition and to exhaust state court remedies (ECF No. 106) is DENIED;
4. Petitioner is granted thirty days from the date of this order in which to file and serve a motion to amend to add newly-exhausted claims. The motion must be accompanied by a proposed Fourth Amended Complaint and should address the timeliness of the newly-added claims;
5. The previous deadline for the traverse is vacated and shall be reset following adjudication of the motion to amend;

////

6. The Clerk of Court shall substitute Warden Randy Grounds as the appropriate respondent in this case.

DATED: July 16, 2013

*/s/ Allison Claire*

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:ls//west3147.111.misc