UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACK A. WEST, JR., | No. 2:09-cv-3147 KJM AC P |
| Petitioner, | |
| v. | ORDER |
| KATHLEEN DICKINSON, Warden, | |
| Respondents. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis on his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  Currently pending before the court is petitioner's motion for leave to file a fourth amended § 2254 petition along with the proposed amended petition.  ECF Nos. 116, 117.  Respondent has filed an opposition, ECF No. 121, and petitioner has filed a reply, ECF No. 123.

Based on the renewal of petitioner's request for the appointment of counsel "to develop the facts of his claims of equitable tolling," and in light of the complexity of the legal issues involved, as well as the length of petitioner's sentence, the court has determined that the interests of justice require appointment of counsel.  See ECF No. 123 at 5; see also 18 U.S.C. § 3006A(a)(2)(B); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Accordingly, IT IS HEREBY ORDERED that:

1. The Federal Defender is appointed to represent petitioner.

2. The Clerk of the Court is directed to serve a copy of the petition and this order

1

on David Porter, Assistant Federal Defender.

3. Petitioner's counsel shall contact the Clerk's Office to make arrangements for copies of documents in the file.

4. Petitioner's counsel is ordered to file a supplemental motion for leave to file a fourth amended § 2254 petition on or before January 17, 2014 addressing the timeliness of the newly exhausted ineffective assistance of appellate counsel claims including: 1) whether the claims relate back to earlier timely petitions filed by petitioner; and, 2) whether equitable tolling of the federal statute of limitations based on petitioner's alleged mental incompetence, serious mental illness, or developmental impairment in combination with his lack of access to his legal files renders the claims timely filed. With respect to the issue of equitable tolling, counsel for petitioner is ordered to further supplement the record with copies of petitioner's mental health treatment records during the relevant time period of February 19, 2009 until September 25, 2013 as the records submitted to date are episodic. See e.g., ECF No. 116 at 216-217 (mental health records from January 5-January 22, 2010); ECF No. 116 at 231 (mental health assessment dated January 12, 2012); ECF No. 116 at 233-234 (affidavit of Mr. Barajas documenting petitioner's suicidal ideation on January 19, 2013); ECF No. 116 at 236 (medical report of injury of petitioner on December 6, 2012).

5. Petitioner's counsel is further granted leave to file a traverse following resolution of petitioner's motion to amend his § 2254 petition and the filing of any supplemental answer by respondent that may be necessitated by adjudication of the motion. A further briefing schedule will be set upon resolution of the motion to amend.

DATED: November 18, 2013

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2